UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

ROBERTO JOSUE DE LA ROCHA MORALES,

Petitioner,

v.

TODD LYONS, *et al.*,

Respondents.

Case No. 5:26-cv-01269-FLA (SK)

**ORDER SETTING BRIEFING SCHEDULE FOR RESPONSE TO PETITIONER'S MOTION FOR TEMPORARY RESTRAINING ORDER [DKT. 2]**

On March 18, 2026, Petitioner Roberto Josue De la Rocha Morales ("Petitioner") filed the subject Motion for Temporary Restraining Order ("Motion") requesting the court order Respondents to either release Petitioner from civil immigration detention or provide Petitioner with a constitutionally adequate bond hearing before an Immigration Judge within 10 days.  Dkt. 1 at 6.

The court sets the following briefing schedule on the Application. Respondents' response to the Motion shall be filed on or before March 27, 2026.  *See* Local Civil Rule App. C(2).  Petitioner's deadline to file a reply shall be April 3, 2026.  Respondents are **ORDERED** to provide Petitioner with a physical copy of this Order and any response to the Motion they may file, within one business day of filing.

1

The Motion shall be taken under submission as of April 3, 2026, and the court will set the matter for hearing if the court deems one necessary or appropriate. *See* Fed. R. Civ. P. 78(b); Local Rule 7-15.

To preserve the court's jurisdiction pending a ruling in this matter, it is **ORDERED** that Petitioner shall not be removed from the United States unless and until this court orders otherwise. *See Cal. Energy Comm'n v. Johnson*, 767 F.2d 631, 634 (9th Cir. 1985) ("The All Writs Act, 28 U.S.C. § 1651(a), empowers the federal courts to issue writs of mandamus necessary to protect their prospective jurisdiction."); *see also Belbacha v. Bush*, 520 F.3d 452, 455–56 (D.C. Cir. 2008) ("If a case presents a 'substantial' jurisdictional question, then under the All Writs Act, 28 U.S.C. § 1651, a district court may act to preserve its jurisdiction while it determines whether it has jurisdiction.").

Further, given Petitioner's interest in participating in further proceedings before this court, it is **ORDERED** that Petitioner shall not be transferred outside this District absent further order from this court. *See United States v. United Mine Workers of Am.*, 330 U.S. 258, 293 (1947) (holding "the District Court had the power to preserve existing conditions while it was determining its own authority to grant injunctive relief").

IT IS SO ORDERED.

Dated: March 20, 2026

_____
FERNANDO L. AENLLE-ROCHA
United States District Judge

2